NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

BRYAN B., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, E.B., B.B., *Appellee*s.

No. 1 CA-JV 16-0304
FILED 1-10-2017

Appeal from the Superior Court in Maricopa County
No. JD31393
The Honorable Connie Contes, Judge

**AFFIRMED**

COUNSEL

The Stavris Law Firm, PLLC, Scottsdale
By Alison Stavris
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Cathleen E. Fuller
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

---

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Randall M. Howe and Judge Donn Kessler joined.

---

J O N E S, Judge:

¶1          Bryan B. (Father) appeals the juvenile court's order terminating his parental rights to E.B. and B.B. (the Children). For the following reasons, we affirm.

**FACTS[1] AND PROCEDURAL HISTORY**

¶2          In October 2015, the Department of Child Safety (DCS) took temporary custody of the Children, then ages two and three, and filed a petition alleging they were dependent as to Father on the grounds of neglect, substance abuse, and domestic violence. Although Father denied the allegations, he failed to appear at the contested hearing. The juvenile court found the Children dependent as to Father and adopted a case plan of family reunification and an alternate, concurrent case plan of severance and adoption.[2]

¶3          By April 2016, Father had yet to participate in urinalysis testing or substance abuse treatment and been closed out of visitation services for lack of contact, and the juvenile court changed the case plan to severance and adoption. DCS immediately moved to terminate Father's parental rights to the Children, alleging severance was warranted because: (1) Father was unable to parent the Children because of a history of chronic abuse of methamphetamine; and (2) Father substantially neglected or willfully refused to remedy the circumstances causing B.B., then under

---

[1]     We view the facts in the light most favorable to upholding the juvenile court's order terminating parental rights. *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7 (App. 2010) (citing *Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 207, ¶ 2 (App. 2008)).

[2]     The Children were also adjudicated dependent as to their mother and her parental rights were later terminated, but she is not a party to this appeal.

three years of age, to be in an out-of-home placement within the statutory timeframe. *See* Ariz. Rev. Stat. (A.R.S.) § 8-533(B)(3), (8)(b).[3]

¶4        The juvenile court set an initial severance hearing on May 23, 2016, at 9:00 a.m. Father was not present when the hearing began. The court found Father had notice of the hearing, had been advised of the consequences of failing to appear, and had not shown good cause for his absence, and therefore concluded he waived his right to contest the allegations of the motion for termination. The court proceeded in Father's absence and, by the time Father finally arrived at the court at 9:45 a.m., had received exhibits and testimony from the DCS case worker, heard closing arguments from the parties, and announced on the record its finding that DCS had proved severance was warranted on the grounds of substance abuse. The court then found DCS had also proved that severance was warranted as to B.B. based upon the length of time in out-of-home care and that severance was in both Children's best interests.

¶5        Father advised he was forty-five minutes late to the hearing because he "was in a cab . . . stuck in a traffic jam." The juvenile court denied Father's oral motion to set aside its findings regarding Father's failure to appear and waiver of rights, directed him to renew it in writing if he could do so in good faith, and entered an order terminating Father's parental rights to the Children. Father filed a written motion to set aside the judgment, arguing Father "cannot be deemed responsible for being late to Court in a situation . . . w[h]ere father is totally dependent on public transportation." The court denied the motion to set aside, and Father timely appealed. We have jurisdiction pursuant to A.R.S. §§ 8-235(A), 12-120.21(A)(1), -2101(A)(1), (2), and Arizona Rule of Procedure for the Juvenile Court 103(A). *See M & M Auto Storage Pool, Inc. v. Chem. Waste Mgmt., Inc.*, 164 Ariz. 139, 141 (App. 1990) ("An order denying or granting a motion to set aside a judgment . . . is appealable as a 'special order made after final judgment.'") (citations omitted).

## DISCUSSION

¶6        Although the right to the custody and control of one's children is fundamental, it is not absolute. *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248, ¶¶ 11-12 (2000). If a parent is properly served with a motion for termination, has notice of a hearing, and is advised of the consequences for failing to appear, but does not appear and no good cause

---

[3]        Absent material changes from the relevant date, we cite a statute's current version.

is shown for that failure, the juvenile court may find the parent waived his rights and is deemed to have admitted the statutory bases for termination as alleged in the motion. *See* A.R.S. § 8-863(C); *see also* Ariz. R.P. Juv. Ct. 66(D)(2); *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 304, ¶¶ 13-14 (App. 2007). To show good cause to set aside a termination order, a parent must show: "(1) mistake, inadvertence, surprise or excusable neglect exists, and (2) a meritorious defense to the claims exists." *Christy A.*, 217 Ariz. at 304, ¶ 16 (citations omitted). Conduct is excusable if it "is such as might be the act of a reasonably prudent person under the same circumstances." *City of Phx. v. Geyler*, 144 Ariz. 323, 331-32 (1985) (citing *Coconino Pulp & Paper Co. v. Marvin*, 83 Ariz. 117, 120 (1957)).

¶7        Father does not dispute he was properly served with the motion for termination and had previously received notice that his parental rights could be terminated if he failed to attend proceedings without good cause; Father argues only that the juvenile court erred in concluding he lacked good cause for his failure to appear because his "rel[iance] on public transportation . . . caused him to be late to the initial severance hearing." "We review the court's finding that a parent lacked good cause for her failure to appear for an abuse of discretion and will reverse only if 'the juvenile court's exercise of that discretion was manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" *Marianne N. v. Dep't of Child Safety*, 240 Ariz. 471, 475, ¶ 15 (App. 2016) (quoting *Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 101, ¶ 15 (App. 2007)).

¶8        Reasonable evidence supports the determination that Father did not have good cause for his failure to appear. This Court has previously held a parent's "excuse that she was required to arrange her own transportation is insufficient to establish good cause for failure to appear," noting "all parties to a dependency action are solely responsible for arranging their own transportation." *Bob H. v. Ariz. Dep't of Econ. Sec.*, 225 Ariz. 279, 282, ¶¶ 11-13 (App. 2010). Despite being given an opportunity to file a written motion and the guardian ad litem's comment that she would "like to see some proof that [Father] was in a cab," Father did not provide any documentation to support that fact or otherwise indicate he had acted reasonably in coordinating his transportation and allowing sufficient time to travel to the hearing. Moreover, Father has not identified any meritorious defense to the allegations of the termination motion. On this record, Father has shown no abuse of discretion. *See, e.g., Marianne N.*, 240 Ariz. at 475-76, ¶¶ 16-17 (affirming finding of lack of good cause where parent did not provide any evidence or testimony to support her assertion that she had been advised the hearing was on a different date and parent did not have a meritorious defense); *Adrian E.*, 215 Ariz. at 101-02, ¶ 19

(same where parent testified he lost the notice and could not recall the dates set for trial); *Christy A.*, 217 Ariz. at 305, ¶¶ 18-19 (same where DCS caseworker disputed parent's claim that she had advised the parent the trial had been continued and parent had no meritorious defense).

## CONCLUSION

**¶9**        Father does not challenge the juvenile court's findings in support of severance, and because we find no error in the determination that he failed to appear without good cause, the order terminating Father's parental rights to the Children is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA